DANIEL K. LUDWIG, Plaintiff, v. PACIFIC FIRE INSURANCE COMPANY, NEW YORK, Defendant.

City Court of the City of New York, May 12, 1924.

Insurance — automobile theft insurance — policy excepting theft by persons in assured's household, service or employment — plaintiff placed automobile with garage owner for sale — garage owner stole and converted automobile — garage owner not in service or employment of assured — words " theft " and " stealing " defined — theft by garage owner within meaning of policy.

In an action upon an automobile theft insurance policy which insured the plaintiff against " theft, robbery or pilferage, excepting by any person or persons in the assured's household or in the assured's service or employment," it appeared that the plaintiff placed his automobile with a garage owner for the purpose of sale " subject to offer," and that while the policy still was in force the garage owner stole the car and converted it to his own use.

*Held*, that the garage owner was not in the service or employment of the plaintiff in the ordinary sense of these terms, since the contract was not of service but of bailment; that there was no parting of possession of title induced by deception, but merely a bailment and a subsequent embezzlement which entitles plaintiff to recover.

" Theft " and " stealing " are synonymous. Either is a popular term for " larceny," but the word " theft," a wider term than " larceny," includes other forms of wrongful deprivation of property of another.

ACTION on theft insurance policy.

*Gordon S. P. Kleeberg*, for the plaintiff.

*Woodson Turney*, for the defendant.

WENDEL, J. Action to recover for the theft of an automobile under a policy insuring plaintiff, among other things, against " theft, robbery or pilferage, excepting by any person or persons in the assured's household or in the assured's service or employment * * *." One Eckele was conducting what purported

to be a business for the storage, repair and sale of automobiles. Plaintiff, on December 7, 1920, consigned his car to Eckele for the purpose of having the same sold. A consignment order was made out and signed by plaintiff and accepted by Eckele wherein it appears that plaintiff placed his car with Eckele for the purpose of sale, " subject to offer." Between the date of the consignment and April 20, 1921, and while the policy was in force and effect, plaintiff's automobile was stolen and converted by said Eckele to his own use. Defendant contends, *first,* that as the loss occurred by reason of the theft of an agent of plaintiff to whom he had delivered and intrusted his car with instructions to sell, the theft comes within the exception of the policy exempting the insurer from liability by reason of theft by any person in the assured's service or employment, and, *secondly,* that there was no theft of the car under the terms of the policy, the word " theft " having been construed in the cases of *Siegel* v. *Union Assur. Society,* 90 Misc. Rep. 550, and *Delafield* v. *London & Lancashire Ins. Co.,* 177 App. Div. 477, as not covering a stealing and conversion of the car in the manner and under the conditions here disclosed. Eckele was not in the service or employment of plaintiff in the ordinary sense of these terms. His custody was as bailee. The contract was not of service, but of bailment. The remaining question is whether the stealing and converting to his own use by Eckele was a theft within the meaning of the policy. The instrument is that of the insurer and will be strictly construed against it. Theft and stealing are synonymous. Either is a popular term for larceny. The word "theft" in fact is a wider term than larceny and includes other forms of wrongful deprivation of property of another. Ency. Brit. While the act of the bailee here was not larceny at common law, but embezzlement, it is now larceny by statute. That statutory larceny is covered by the word " theft " in a policy similar in form to that under consideration has been held in *Van Vechten* v. *Am. Eagle Fire Ins. Co.,* 206 App. Div. 39, where an automobile was left with a garageman for repair, and he, without permission, for his own purposes, drove the car to another city and damaged it. The court held that this was a larceny of the car which was covered by the policy. While there was a dissenting opinion, it was based on the ground that the case was barren of proof of *animus furandi* and hence the policy did not include a statutory larceny from which the fundamental element of intent necessary at common law, both in larceny and embezzlement, is absent. In the case at bar this fundamental element is present, it being conceded that the car was stolen and converted by Eckele. The cases cited by defendant are not analogous. In each there was an " on sale or return "

contract and a voluntary parting with title by plaintiff. In the *Delafield Case, supra,* it was alleged that the owner was induced to part with his car pursuant to a conspiracy to steal automobiles and the court held that " theft " as used in the policy did not cover a larceny perpetrated under the form and guise of a business transaction by the insured himself. Here there was no parting of possession and title induced by deception, but merely a bailment and a subsequent embezzlement. That it seems to me is similar to a case where a car is stored in a garage and is thereafter stolen and converted by the proprietor, in which case I believe the insured would be entitled to recover. Judgment awarded to plaintiff for $700, the agreed value of the car. Submit decision on notice.

Judgment accordingly.