■ JOHN GRIMALDI, Appellant, v. COCA-COLA BOTTLING COMPANY OF NEW YORK, INC., Respondent.— Motion by respondent to dismiss appeal denied, on condition that appellant perfect the appeal and be ready to argue or submit it at the February Term, beginning January 30, 1961. The appeal is ordered on the calendar for said term. On the court's own motion, the appeal will be heard on the original papers and on appellant's typed brief. Appellant is directed to file six copies of his typed brief and to serve one copy upon respondent on or before January 13, 1961. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ GLORIA A. GUERIN, Respondent, v. ERIC O. GUERIN, Appellant.— Motion by appellant to withdraw appeal granted. Cross motion by respondent for a counsel fee for legal services rendered on the appeal, denied. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ HAZEL HARMEN, Respondent, v. RICHARD HARMEN, Appellant. RICHARD HARMEN, Appellant, v. HAZEL HARMEN, Respondent.— Motion by appellant to stay the operation and enforcement of the order appealed from, pending appeal, and to dispense with printing on the appeal, denied. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ In the Matter of EDWARD S. SILVER, as District Attorney of the County of Kings, Petitioner, v. ALEX ASSAEL, an Attorney, Respondent.— Motion by petitioner to confirm the report of the Special Referee granted; respondent disbarred and his name ordered struck from the roll of attorneys. There is sufficient evidence to sustain the findings of the Referee: (1) that respondent, among other infractions, improperly referred clients to physicians upon an understanding that exaggerated medical reports and bills would be presented; and (2) that respondent submitted false and exaggerated bills of particulars. Respondent also admitted: (3) that he split fees with a person not an attorney; (4) that on occasions he failed to submit written closing statements to clients; and (5) that he commingled funds of his clients with his own. We also find that respondent was unco-operative in the judicial inquiry ordered by this court. In our opinion, his conduct on the whole warrants the disciplinary action of disbarment as recommended by the Referee. Beldock, Acting, P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ In the Matter of the Accounting of SAMUEL FLASTERSTEIN et al., as Surviving Executors and Trustees of the Will of ANNA FLASTERSTEIN, Deceased, Respondents. LEE M. T. FLASTERSTEIN, Appellant. In the Matter of the Accounting of SAMUEL FLASTERSTEIN et al., as Executors of ISIDOR FLASTERSTEIN, Deceased, Respondents. LEE M. T. FLASTERSTEIN, Appellant.— Motion by appellant to disqualify Paul M. Mintz, Esquire, and Joseph E. Keenan, Esquire, as attorneys for the respondents in the pending appeals, on the ground of conflict of interest. Motion denied. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.