**UNITED STATES of America**

v.

**Joseph ALEXANDER, Appellant.**

**Nos. 21816, 22898.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 15, 1970.

Decided Sept. 8, 1970.

three points: (1) whether the trial court erred in allowing the complaining witness, on redirect examination, to testify as to the description he gave the police of his assailants; (2) whether use of an inoperable gun in an assault is assault with a dangerous weapon; and (3) whether the trial court abused its discretion in denying appellant's motion for a new trial. We affirm.

■■■ The complaining witness was subjected to searching cross-examination as to his description and identification of the robbers. On redirect the witness was allowed to testify to the description of the robbers he gave to the police ten minutes after the crime. Appellant argues that this testimony was inadmissible as hearsay and a prohibited prior consistent statement. We disagree. The testimony was not hearsay in the traditional sense since it was given by the witness who made the prior statement and was therefore subject to cross-examination on it. Moreover, the prior statement was admissible, not so much for the truth of its contents, but as evidence of the fact that such a description was given to the police by the witness, the victim of the crime, immediately after its commission. It was used to rehabilitate the witness' credibility [1] after cross-examination and consequently was not an inadmissible prior consistent statement. The trial court's discretion in admitting this testimony is supported by the fact that police form PD 251 containing the description and the witness' grand jury testimony were made available to defense counsel for cross-examination. Thus the possibility of dissimulation was considerably reduced.

■■■ When appellant's accomplice was arrested 40 hours after the robbery, he had in his possession a cylinderless gun. Since there is no proof that this was the gun used in the robbery, there is no factual basis in the record for appellant's

---

Mr. Frank F. Flegal, Washington, D. C., with whom Mr. Warren Belmar, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. Terry Philip Segal, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and Theodore Wieseman, Asst. U. S. Attys., were on the brief, for appellee.

Before WRIGHT and TAMM, Circuit Judges, and NICHOLS,* Judge, United States Court of Claims.

PER CURIAM:

Appellant was convicted of three counts of robbery and assault with a dangerous weapon. On appeal he raises

---

* Sitting by designation pursuant to 28 U.S. C. § 293(a) (1964).

1. A limiting instruction should have been given to the jury, but none was requested. We find no plain error. Rule 52 (b), Fed.R.Crim.P. *See* Copes v. United States, 120 U.S.App.D.C. 234, 345 F.2d 723 (1964).

claim that the robbery gun was inoperable and therefore could not legally be the vehicle of an assault with a dangerous weapon. Under the circumstances we do not reach the legal question which appellant presents for our consideration in this case.

In support of his motion for a new trial, appellant offered newly discovered evidence in the form of affidavits from several prisoners stating that appellant's accomplice Griffith, now deceased, had admitted to them that he had committed the robbery and that appellant was not involved. Appellant argues that these hearsay statements are admissible since they are declarations by Griffith against his penal interest. Appellant suggests that in view of the developing jurisprudence and commentary, the holding in Donnelly v. United States, 228 U.S. 243, 33 S.Ct. 449, 57 L.Ed. 820 (1913), no longer represents the law. We decline appellant's invitation to overrule *Donnelly* because we find the affidavits inherently incredible and highly unlikely to result in acquittal of appellant if admitted at a new trial.

Affirmed.