**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**GABRIEL ALBERT, Defendant**

Civil No. 80/87

District Court of the Virgin Islands

Div. of St. Croix

October 28, 1980

MELVIN H. EVANS, ESQ., Assistant United States Attorney (Office of the United States Attorney), Christiansted, St. Croix, V.I., *for plaintiff*

MICHAEL A. JOSEPH, ESQ., Assistant Federal Public Defender (Office of the Federal Public Defender), Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge By Designation*

## MEMORANDUM OPINION WITH ORDER ATTACHED

In a jury trial, defendant was convicted of three counts of attempted robbery in the first degree (14 V.I.C. § 1862(2) and (3)) and was acquitted of a charge of possession of an unlicensed firearm during a crime of violence (14 V.I.C. §§ 2253(a), 2254). Defendant moves for a modification of the verdict under Rule 29(c), F. R. Crim. P., or, in the alternative, for a new trial under Rule 33, F. R. Crim. P.

This matter arises from an incident at the Frederiksted Pier on St. Croix. Four sailors were approached by three men. One of the men[1] pulled a pistol and demanded the sailors' money. The incident was aborted by the fortuitous arrival of the police. The assailants fled, the police pursued and the defendant was arrested.

## RULE 29(c) MOTION

In deciding a Rule 29(c) motion, the court must view the evidence in the light most favorable to the government, thus the court is precluded from assessing the credibility of the government's witness. United States v. Dabney, 393 F.Supp. 529 (D.C. Pa. 1975). "We next must determine whether all the evidence against the defendant, taken in its totality, rises to a level which would permit reasonable jurymen to find the defendant guilty beyond a reasonable doubt." Id. at 541.

Defendant presents two arguments in support of his motion for modification of the verdict. Neither argument convinces the court that the jury's verdicts against the defendant were improper; accordingly, the defendant's Rule 29(c) motion will be denied.

Defendant's first argument is that the jury's acquittal on the possession of an unlicensed firearm necessarily precludes any conviction on the armed robbery counts. Defendant argues that only one weapon was allegedly present, that weapon was allegedly in the defendant's possession and the defendant had no license to carry a weapon; thus, the jury's acquittal on the firearm charge must mean that the jury found that the defendant did not have a weapon. With-

---

[1] Two of the sailors identified the defendant as the man with the gun.

out a weapon there can be no first degree robbery conviction. This argument is without merit.

The information against the defendant charges the possession of an unlicensed firearm in the commission of a crime of violence. To prove this charge, the government must show that the firearm was *operable*. 14 V.I.C. § 2253(a) and 23 V.I.C. § 451(d). The jury was so instructed. The armed robbery charge does not require an operable gun, but simply a dangerous weapon. See 79 A.L.R.2d 1426. The jury could have reasonably found that there was sufficient proof that the defendant possessed and displayed a firearm, but insufficient proof that the firearm was operable.

Defendant's second argument in support of his Rule 29(c) motion is also without merit. Defendant notes that George Burke, one of the four sailors, testified that he did not see the weapon. Defendant argues that it is unclear whether Burke even heard about the weapon until after the assailants had fled. From this defendant concludes that "there is no indication that the gunman . . . specifically intended to go to the trouble to rob all four sailors . . ." and seeks an acquittal on the attempted robbery of Burke.

Defendant was charged with and found guilty of attempted robbery in the first degree. "The crime of attempt . . . consists of: (1) an intent to do an act or bring about certain consequences which in law would amount to a crime; and (2) an act in furtherance of that attempt which . . . goes beyond mere preparation." Lafave and Scott, Criminal Law § 59 at 423. See also 14 V.I.C. § 331. The perceptions of the intended victim are entirely irrelevant to the crime of attempted robbery in the first degree.

"[T]he intent need not be proved by positive or direct evidence but may be inferred from the conduct of the parties and other facts and circumstances disclosed by the evidence." Larson v. State, 470 P.2d 417, 418; Government of the Virgin Islands v. Lake, 5 V.I. 594 (3d Cir. 1966), 362 F.2d 770. The jury considered evidence that the defendant followed a group of sailors, displayed a gun and demanded money from a group of sailors. No evidence that the defendant addressed his demand and presented his weapon to each sailor individually was necessary in order to conclude that the defendant intended to rob each sailor in the group.

There was ample evidence for the jury to conclude beyond a reasonable doubt that the defendant, with the assistance of a dangerous weapon, intended to rob Burke, and that the defendant per-

formed an act in furtherance of that intent, which act went well beyond mere preparation.

## RULE 33 MOTION

Defendant moves for a new trial under Rule 33, F. R. Crim. P. Defendant asserts two grounds for this motion; first, defendant took a lie detector test two days after the trial and the results of the test indicated that the defendant did not have a gun, did not know his companion had the gun and did not know that his companion intended to rob the sailors; second, defendant knows the "real" gunman's identity, but was intimidated[2] by the gunman and, thus, chose not to call him as a witness. Defendant concludes that a new trial should be ordered "in the interest of justice."

The defendant does not argue that there is newly discovered evidence, nor that there was insufficient evidence to support the verdict. Rather, defendant maintains his innocence, buttressed by a lie detector test, and claims injustice because he failed to call a witness. The court does not agree that justice would be served by ordering a new trial.

■ ■ Even if all the statements concerning the alleged "real" gunman's intimidation are true, there is no indication that the defendant would call the "real" gunman at a new trial. Further, defendant states that the "real" gunman denies being present at the attempted robbery. On occasion a confession by someone other than the convicted defendant has been brought to the attention of the court on a motion for a new trial. It has been held that there is no abuse of discretion if the trial court rejects the late confession on a finding of untrustworthiness and denies a new trial. United States v. Schoepflin, 442 F.2d 407 (9th Cir. 1971); United States v. Alexander, 139 U.S. App. D.C. 163, 430 F.2d 904 (1970). The mere allegation that the defendant knows the true culprit but is fearful of him, even supported by defense counsel's affirmation, is not enough to require a new trial.

■ The results of the lie detector test do not add to the defendant's argument. There is an ongoing controversy as to the admissibility and probativeness of lie detector test results. The great

[2] Defense counsel states that he was present at an encounter between defendant and the alleged "real gunman." Counsel relates a scolding directed at defendant by the "real gunman." If the encounter amounted to intimidation of or threats against his client, it surprises the court that defense counsel did not bring this matter to the court's attention or to the attention of the police prior to trial.

majority of the courts still reject such evidence on a variety of grounds. Those courts that have tentatively opened their doors to such evidence require extensive foundation prior to admission. See 2 Wright and Miller, Federal Practice and Procedure, § 5169. Defendant might have taken the lie detector test prior to trial and sought admission of the results at trial. Defendant chose not to do so. It is too late in the day to reverse that decision.

The court finds no grounds for a new trial and the motion for a new trial will be denied.

## ORDER

For the reasons set forth in the memorandum opinion filed on even date herewith;

IT IS ORDERED that the defendant's motion for modification of the verdict be, and is hereby, DENIED.

IT IS FURTHER ORDERED that the defendant's motion for a new trial be, and is hereby, DENIED.