In the Matter of ALEX ASSAEL, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 19, 1985

### APPEARANCES OF COUNSEL

*Frank A. Finnerty* (*Robert P. Guido* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this court on March 30, 1949. By order of this court dated December 14, 1960, respondent was disbarred after a hearing on charges of professional misconduct involving his referring clients to physicians upon an understanding that exaggerated medical reports and bills would be presented; submitting false and exaggerated bills of particulars; failing to submit written closing statements to clients; commingling funds of his clients with his own; and failing to cooperate with the judicial inquiry into his conduct (*Matter of Silver v Assael*, 12 AD2d 631). Respondent was reinstated by this court on June 1, 1972.

In the instant proceeding respondent was charged with having been convicted of a "serious crime", in that on April 30, 1982 he was indicted on 30 counts of grand larceny in the second degree, 45 counts of grand larceny in the third degree, one count

of attempted grand larceny in the third degree, one count of conspiracy in the fifth degree, and on February 3, 1983, he pleaded guilty to petit larceny and conspiracy, both of which constituted class A misdemeanors, in full satisfaction of the indictment. On April 7, 1983, respondent was sentenced to three years' probation and directed to make restitution.

Respondent admitted the charge but requested an opportunity to testify in mitigation thereof. After the hearing the Special Referee found the charge to have been sustained. Petitioner moves to confirm the report of the Special Referee.

After reviewing all of the evidence we are in full agreement with the report of the Special Referee. The respondent is adjudged guilty of serious professional misconduct. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to be imposed, we have considered the fact that the misconduct did not arise out of the practice of law. The court has also noted all the mitigating circumstances advanced by respondent at the hearing but find his testimony in this regard to lack credibility. Accordingly, the respondent should be, and hereby is, disbarred and his name is ordered stricken from the roll of attorneys and counselors-at-law effective forthwith.

MOLLEN, P. J., LAZER, MANGANO, GIBBONS and THOMPSON, JJ., concur.