(May 12, 1993)

■ In the Matter of JAMES W. CARROLL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [597 NYS2d 752] —Per Curiam. Respondent was admitted to practice by this Court in 1970. He maintains a law office in Ithaca, Tompkins County.

On February 26, 1993, respondent was convicted in Tompkins County Court upon his plea of guilty to the misdemeanor offense of petit larceny, in violation of Penal Law § 155.25. On April 16, 1993, he was sentenced to a conditional discharge of one year, restitution to Tompkins County of $20,000 and 100 hours of community service.

Petitioner, the Committee on Professional Standards, moves for an order suspending respondent from the practice of law on the ground that he has been convicted of a serious crime, until such time as a final disciplinary order may be entered (see, Judiciary Law § 90 [4] [f]). Respondent opposes the motion, contending that the crime for which he was convicted is not a serious crime within the meaning of Judiciary Law. In the alternative, he argues that any such interim suspension should be set aside on the ground that such would be consistent with the maintenance of the integrity and honor of the profession, the protection of the public, and the interest of justice (id.).

Respondent's conviction was based on his failure to return to the county a duplicate payment for $1,242.69 he received for services rendered as assigned counsel in representing one Donald W. Romano. The duplicate check was issued through no fault of respondent. However, he admits that he knew it was a double payment and that he converted the funds to his own use.

Respondent has been convicted of a serious crime as that term is defined in Judiciary Law § 90 (4) (d) (see, Matter of Stern, 90 AD2d 338; see also, Matter of Eisman, 136 AD2d 341; Matter of Raikin, 118 AD2d 824; Matter of Assael, 109 AD2d 457; Matter of Grant, 85 AD2d 102; Matter of Weinfeld, 72 AD2d 443). We reject respondent's argument that the terms theft and misappropriation in Judiciary Law § 90 (4) (d) should be narrowly interpreted to exclude his offense from the definition of serious crime. Theft, stealing and larceny are generally synonymous and the term theft can encompass larceny (see, Ludwig v Pacific Fire Ins. Co., 123 Misc 189; Black's Law Dictionary [4th ed]).

Pursuant to Judiciary Law § 90 (4) (f) the Appellate Division

shall suspend an attorney convicted of a serious crime until a final disciplinary order is made. We may also, upon good cause shown, set aside such a suspension when it appears consistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice (id.). We decline to set aside respondent's suspension. His crime had an identifiable victim, the taxpaying public; it adversely affected that portion of the judicial process guaranteeing access to the courts for indigents; and it lessens public confidence in the legal profession and compromises its integrity (see, Matter of Stern, supra, at 340; Matter of Weinfeld, supra, at 444).

We therefore grant petitioner's motion for an interim suspension and deny respondent's cross motion to set aside such suspension. Respondent shall show cause why a final order of suspension, censure or removal from office should not be made.

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that petitioner's motion for an interim suspension is granted; and it is further ordered that the respondent's cross-motion to set aside interim suspension is denied, and it is further ordered that respondent is hereby suspended from the practice of law, effective May 28, 1993, until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and respondent hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or public authority or to give to another any opinion as to the law or its application, or any advice with relation to Judiciary Law § 90 (4) (g); and it is further ordered that respondent is hereby directed to show cause before this Court on June 3, 1993, why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g).