**MALIK CHEATHAM, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

District Court Crim. App. No. 93-120

Territorial Court Crim. No. 262-91

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 21, 1994

LESLIE L. PAYTON, ESQ., Territorial Public Defender, St. Thomas, V.I., *for Appellant*

CALVIN A. EVERSLEY, ESQ., Assistant Attorney General, St. Thomas, V.I., *for Appellee*

MOORE, *Chief Judge,* District Court of the Virgin Islands; BROT-MAN, *Senior Judge* of the United States District Court for the District of New Jersey, Sitting by Designation; and CABRET, *Judge* of the Territorial Court of the Virgin Islands, St. Croix Division, Virgin Islands, Sitting by Designation.

On Appeal from the
Territorial Court of the Virgin Islands

## OPINION OF THE COURT

## I. FACTUAL AND PROCEDURAL BACKGROUND

On the morning of September 6, 1991, appellant Mark Cheatham was caught in a truck by the truck's owner, Mr. Gibbs, rummaging through Mr. Gibbs' bag and removing cash and travelers checks worth approximately $700. Appendix for Appellant [hereinafter "App't's App."] at 18–19. Mr. Cheatham had also removed a pair of binoculars worth more than $200, and placed them in his backpack. Id. at 19, 45–46. The two struggled, but Mr. Gibbs managed to restrain Mr. Cheatham until the police arrived. Mr. Gibbs stated that

he never gave appellant permission to use his truck or to remove his binoculars and money. Id. at 20–21, 24. Mr. Cheatham was charged with grand larceny in the one count Information. Id. at 12.

At trial, Mr. Cheatham testified that he saw a man known as "para man" rummaging through Mr. Gibbs truck, after which the man ran down the street. Mr. Cheatham then looked in the truck and picked up a pair of binoculars. It was at that point, according to Mr. Cheatham, that he was grabbed by Mr. Gibbs. Id. at 30–37.

At the close of the case, the trial judge asked if either side requested special instructions. Id. at 41–43. It is unclear whether defense counsel asked for an instruction on the lesser included offense of attempted larceny.[1] See id. at 41. Defense counsel at least raised the issue, and the court at that point refused to instruct on the lesser offense. Id. Nonetheless, the court later changed its mind and interrupted the government a few minutes into its closing. At sidebar, the court stated:

> I don't like interrupting [a]ttorneys. I thought about something during the break, and even though I don't believe it is warranted, I am going to give an instruction of attempted. I don't think it is warranted legally. If they believe Mr. Gibbs that the act was completed, even though he got the money back right a way [sic], even if they believe the act was completed, I think I will give one on attempted larceny. I don't say whether grand larceny or petit larceny. You could argue that.

Appendix for Appellee [hereinafter "Appellee's App."] at 53–54.

At the end of the jury charge, which included a charge of attempted larceny, appellants' counsel never objected. Moreover, counsel stated that he was "satisfied" with the instructions given. Id. at 71. The jury found appellant guilty of attempted grand larceny. App't's App. at 6–7.

---

[1] THE COURT: Any special instructions?
ATTORNEY PAYTON: Your Honor, lesser included. I think lesser included.
THE COURT: I don't give lesser included for larceny.
ATTORNEY PAYTON: Pardon?
THE COURT: I don't give lesser included. . .
App't's App. at 41.

## II. ISSUES, JURISDICTION AND STANDARD OF REVIEW

The issues before the Court in this case are:[2]

1. Whether the trial court erred in treating attempted larceny as a lesser included offense of grand larceny; or, alternatively, in directing the jury on a charge of attempted larceny, whether it is a lesser included offense?

2. Whether the trial court committed plain error in instructing the jury to deliberate on a charge of attempted larceny when the information charged the appellant with grand larceny?

■ This court has appellate jurisdiction pursuant to V.I. Code Ann. tit. 4, § 33, and § 23A of the Revised Organic Act of 1954. When reviewing the application of Federal Rules of Criminal Procedure to facts, the standard of review is plenary. Government of the Virgin Islands v. Douglas, 812 F.2d 822, 825 (3d Cir. 1987).

■ Because no objection was made at the trial level, jury instructions are reviewed only for plain error.[3] Reversal is sparingly used only to correct what would otherwise result in manifest injustice. Simmons v. City of Phila., 947 F.2d 1042, 1078 (3d Cir. 1991), cert. denied, 112 S.Ct. 1671 (1992). In fact, it is a rare case when this alleged failure to instruct will warrant reversal. Henderson v. Kibbe, 431 U.S. 145, 154 (1977).

## III. DISCUSSION

A. *Whether the Trial Court Erred in Treating Attempted Larceny as a Lesser Included Offense of Grand Larceny; or Alternatively, in Directing the Jury on a Charge of Attempted Larceny, Whether It Is a Lesser Included Offense?*

---

[2] Under Fed. R. App. P. 10(b) (3), appellants must file a statement of issues on appeal within 10 days after filing the notice of appeal. During oral argument, appellant's counsel apparently abandoned some, if not all, of the issues presented on appeal. He then proceeded to argue an issue never raised or briefed by either party, namely the trial court's alleged failure to charge attempted petit larceny.

This court declines to address counsel's belated argument. However, because the court was unable to discern which issues appellant had abandoned, we will rule on the issues on appeal as set forth in appellant's brief.

[3] Appellant's assertions to the contrary, no objection was made at trial. In fact, counsel himself apparently asked the trial judge to instruct on the charge of attempted larceny. See note 1, supra.

Appellant first contends that attempted larceny is not a lesser included offense of grand larceny, and thus that the court failed to instruct the jury properly.

■ Larceny is the unlawful taking, stealing carrying, leading or driving away of the personal property of another. V.I. Code Ann. tit. 14, § 1081. Larceny is divided into two degrees, grand and petit. Id. Whoever takes property worth $100 or more or from the person of another commits grand larceny and shall be imprisoned for not more than 10 years. V.I. Code Ann. tit. 14, § 1083.

> Whoever unsuccessfully attempts to commit an offense, shall, unless otherwise specially prescribed by this Code or other law, be punished by—
> (1) imprisonment for not more than 25 years, if the offense attempted is punishable by imprisonment for life; or
> (2) in any other case, imprisonment for not more than one-half of the maximum term, or fine of not more than one-half of the maximum sum prescribed by law for the commission of the offense attempted, or by both such fine and imprisonment.

V.I. Code Ann. tit. 14, § 331.

■ The crime of "attempt" consists of two primary elements: "an intent to do an act or bring about certain consequences which in law would amount to a crime; and . . . an act in furtherance of that attempt which . . . goes beyond mere preparation." Government of the Virgin Islands v. Albert, 18 V.I. 21, 24 (D.V.I. 1980), aff'd without opinion, 676 F.2d 685 (3d Cir. 1982) (quoting LaFave & Scott, Criminal Law § 59, at 423).

■ Fed. R. Crim. P. 31(c), made applicable to criminal trials in the Territorial Court,[4] provides that "[t]he defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense

---

[4] Rule 7 of the Territorial Court Rules states:
> The practice and procedure in the territorial court shall conform as nearly as may be to that in the district court in like causes, except where there is an express provision in the law or these rules to the contrary.

Fed. R. Crim. P. 31 applies to the Territorial Court since there is no express provision in the law or rules to the contrary.

necessarily included therein if the attempt is an offense."[5] The Third Circuit, in addressing the applicability of Rule 31(c), noted that "[f]irst, the lesser included offence must be comprised solely of some but not all of the elements of the offence charged. Second, there must be a genuine conflict of evidence as to an element of the offence charged, which element is not shared by the lesser included offense." Government of the Virgin Islands v. Carmona, 422 F.2d 95, 100 (3d Cir. 1970). Moreover, "the lesser included offense must be such that it is impossible to commit the greater offense without having first committed it." Government of the Virgin Islands v. Aquino, 378 F.2d 540, 554 (3d Cir. 1967) (footnote omitted).

■ Clearly, attempted larceny is necessarily included in the greater offense of grand larceny. First, it satisfies the Carmona test because attempted larceny consists of some, but not all, of the elements of grand larceny. Moreover, whether sufficient asportation existed to complete the crime of grand larceny presented a genuine evidential conflict to warrant the charge of attempted larceny.

■ In addition, the instant case satisfies Aquino, because it would have been impossible to commit the complete offense of larceny without first having committed the offense of attempted larceny. Accordingly, the court acted properly in instructing the jury on the offense of attempted larceny.

Appellant also contends that the trial court failed to instruct the jury on the element of specific intent to commit attempted larceny. The trial court first instructed the jury as to the offense of grand larceny. In describing the four elements that the government must prove, the court included "that the defendant intended to steal the property; that is, he intended to deprive Mr. Gibbs of the property permanently." Appellee's App. at 66; see also id. at 69 ("I still could be convicted of larceny as long as you are satisfied that I had the intent to come back and remove these permanently.") Furthermore, in instructing the jury on attempted larceny, he stated:

---

[5] Rule 31(c) restates prior law:
> This doctrine developed at common law to aid the prosecution in cases where the proof failed to show some element of the crime charged. It can be beneficial to the defendant too, since the jury may temper justice with mercy by acquitting defendant of the offense charged by finding him guilty of the lesser offense.
> 3 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure (Criminal) § 515, at 210 (2d ed. 1982).

Now, there has been an argument that Mr. Gibbs got back his binoculars, he got back his money. . . . I will instruct you on what is called the lesser included offense.

If, for example, you are not satisfied that the Government has made out all of the elements of larceny, but you are satisfied that something occurred, you can . . . proceed to see whether or not the lesser included offense has been made out in the case, and the lesser included offense in this case can be an attempt to steal. An attempt.

What do we mean by an attempt? An attempt to commit a crime coupled with an act taken toward committing the offense. An effort or endeavor to accomplish a crime, amounting to more than mere preparation or planning for it, which, if not prevented, would have resulted in the full consummation of the act attempted to be committed, but which, in fact, does not bring to pass the party's ultimate design. The requisite elements of an attempt to commit a crime are: One, an intent to commit it. Two, an overt act toward its commission. Three, failure of consummation; and four, the apparent possibility of the commission.

A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he: (a) purposely engages in conduct which would constitute the crime if the attendant circumstances were as you believe them to be; (b) when causing a particular result is an element of the crime, does or omits to do anything with the purpose of causing or with the belief that it will cause such result without further conduct on his part; or (c) purposely does or omits to do anything which, under the circumstances as they believe it to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. This is the definition of attempt.

App't's App. at 39–40 (emphasis added).

Appellant nonetheless contends that "[t]he element of specific intent to attempt to deprive the owner of property valued over One Hundred Dollars was conspicuously absent from the trial judge's charge." Brief for Appellant at 9–10. Apparently, appellant objects to the court's failure to repeat the "specific intent to deprive" instruction in charging attempted larceny. Appellant concludes that the jury was thus "unfairly and improperly directed" to "find

303

[that] the attempted taking of the binoculars and some cash . . . met the intent to commit grand larceny." Id. at 10.

██ It has been noted that "with respect to instructing the jury on the issue of the state of mind necessary for a defendant to have committed a criminal attempt, the important point is to insure that the jury appreciates that the actual intent or purpose to achieve the desired result is required." 1 Leonard B. Sand, et al., Modern Federal Jury Instructions ¶ 10.02 (1991).

> The crime of attempt does not exist in the abstract, but rather exists only in relation to other offenses; a defendant must be charged with an attempt to commit a specifically designated crime, and it is to that crime one must look in identifying the kind of intent required. For example, if the charge is attempted theft and theft is defined as requiring an intent to permanently deprive the owner of his property, then that same intent must be established to prove the attempt. It is not enough to show that the defendant intended to do some unspecified criminal act.

2 Wayne R. LaFave & Austin W. Scott, Substantive Criminal Law § 6.21, at 26 (1986).

██ ██ "It is well established that [an] instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole." Estelle v. McGuire, —U.S.—, 112 S.Ct. 475, 482 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). Here, the lower court set out the elements to be proven with respect to the greater offense, which included the "specific intent to deprive the owner of his personal property." The court then charged the lesser offense in accordance with the definition provided in Albert, 18 V.I. at 24, by instructing that one element of attempt is "an intent to commit it," that is, the crime of larceny. App't's App. at 40 (emphasis added). Read in their entirety, the instructions sufficiently articulated the specific intent element for attempted larceny. Accordingly, the lower court is affirmed as to this issue.

B. *Whether the Trial Court Committed Plain Error in Instructing the Jury to Deliberate on a Charge of Attempted Larceny When the Information Charged Appellants with Grand Larceny?*

██ ██ A court must instruct the jury on the lesser included offense if the evidence at trial "is such that a jury could rationally

find the defendant guilty of the lesser offense and not the greater." Government of the Virgin Islands v. Commissiong, 706 F. Supp. 1172, 1175 (D.V.I. 1989) (citing 3 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure (Criminal) § 515, at 21)). Under Rule 31(c), the trial court may include a lesser offense in his charge where "the elements of the crime charged in the information and the lesser included offense substituted by the judge in his charge were not factually independent, but were instead identical except for" the missing element. Douglas, 812 F.2d at 826.

 In the instant appeal, both the lesser and greater offenses were factually interdependent and shared the same common elements, except for the element of asportation. Accordingly, the trial court acted properly in charging the jury with the lesser offense of attempted larceny.[6]

In addition, appellant claims he was prejudiced by the court belatedly notifying counsel that a lesser offense would be charged. Fed. R. Crim. P. 30 provides in pertinent part that:

> [a]t the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. . . . The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury. No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict.[7]

If, as appellant contends, defense counsel never requested a charge on the lesser offense of attempted larceny, his Rule 30 claim is baseless. "Rule 30 does not require the court to advise counsel prior to closing argument of every jury instruction that will be given. The rule requires only that the court advise counsel of its

---

[6] Appellant also claims that the court erred by charging the jury on the lesser offense when neither counsel requested the instruction. To the contrary, "[t]he court may give a lesser-included offense instruction, if deemed appropriate, without a request from either the defendant or the Government." United States v. McGill, 964 F.2d 222, 240 (3d Cir.), cert. denied, 113 S.Ct. 664 (1992) (citing 2 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure (Criminal) § 498, at 800 (2d ed. 1982)).

[7] Since there is no express local rule to the contrary, Fed. R. Crim. P. 30 applies to the Territorial Court. V.I. Terr. Ct. R. 7.

rulings on their requested instructions prior to closing argument." United States v. Buishas, 791 F.2d 1310, 1316 (7th Cir. 1986); see also United States v. Lum, 466 F. Supp. 328, 333 (D. Del. 1979), aff'd without opinion, 605 F.2d 1198 (3d Cir. 1979) ("Rule 30 does not guarantee that counsel be advised of all jury instructions. Rather, it only requires the Court to advise counsel of its rulings on counsel's requested instructions.")

Nonetheless, some question exists as to whether defense counsel requested the charge on the lesser offense. Accordingly, we must determine whether the court's failure to inform counsel of instructions before closing argument "unfairly prevented [defendant] from arguing his . . . defense to the jury or . . . substantially misled [him] in formulating and presenting arguments." United States v. Gaskins, 849 F.2d 454, 458 (9th Cir. 1988).

▮ The trial court informed counsel of his plan to charge attempted larceny shortly after the government began its closing argument. Defense counsel had sufficient warning that the instruction would be given, and consequently was not prejudiced in "formulating and presenting his arguments." See id. Accordingly, at most the judge's failure to adhere strictly to Rule 30 was harmless error.

Appellant also contends that the failure of the Government to amend the Information to include the lesser offense of attempted larceny violated his Sixth Amendment rights. "One concern underlying Rule 31(c) is that the defendant receive adequate notice of the elements of the crime which the government seeks to prove as required by the Sixth Amendment and the Virgin Islands Bill of Rights." Douglas, 812 F.2d at 826.

▮▮ An information provides sufficient notice to the defendant that he may have to defend himself against a lesser included charge. 5 Mark S. Rhodes, Orfield's Criminal Procedure Under the Federal Rules § 31:12, at 117 (2d ed. 1987) (citing Walker v. United States, 418 F.2d 1116 (D.C. Cir. 1969)). "Where conviction is for an attempt, it need not be expressly mentioned in the indictment . . . so long as the attempt is an offense and the accusation covers the offense attempted." Id. at 119 (citing Clinton Cotton Mills v. United States, 164 F.2d 173, 177 (4th Cir. 1947); Simpson v. United States, 195 F.2d 721, 723 (9th Cir. 1952)).

▮ Appellant was provided constitutionally sufficient notice by the Information, which charged the greater offense of larceny.

Accordingly, this court finds that the Government did not violate appellant's Sixth Amendment rights by failing to include the lesser offense in the Information.

## IV. CONCLUSION

We conclude as follows: (1) that attempted larceny is a lesser included offense of grand larceny; (2) that the judge properly instructed the jury on the intent element of the crime of attempted larceny; (3) that the trial court's failure to adhere strictly to Rule 30 did not prejudice defendant; and (4) that the charge of grand larceny in the Information provided sufficient notice to defendant of the lesser included offense of attempted larceny. An appropriate order will be entered.

## ORDER OF THE COURT

AND NOW, this 21st day of July, 1994, after careful review of the record and having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT the Territorial Court's decision is AFFIRMED.