## ROY MOOLENAAR, Appellant
### v.
## GOVERNMENT OF THE VIRGIN ISLANDS, Appellee

D.C. Crim. App. No. 1995/112

T.C. Crim. No. F57/1995

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 25, 1996

ALAN D. SMITH, ESQ., KATHLEEN MACKAY, ESQ., (HODGE & FRANCOIS), St. Thomas, U.S.V.I., *for Appellant*

MAUREEN PHELAN CORMIER, ESQ., (Assistant Attorney General), St. Thomas, U.S.V.I., *for Appellee.*

BEFORE: MOORE, *Chief Judge,* FINCH and ROSS, *Judges*

### OPINION OF THE COURT

PER CURIAM

Appellant, Roy Moolenaar ["Moolenaar" or "appellant"] , ap-

peals his conviction of burglary in the second degree. Appellant's conviction is reversed and remanded.

## FACTUAL BACKGROUND

Shortly after midnight on February 18, 1994, police responded to a report of a breaking and entering at No. 27 Ross-Taarneberg, St. Thomas, Virgin Islands. At the time of the breaking and entering, the residence was occupied by Ms. Altagracia Hoheb ["Ms. Hoheb"] , her three daughters and two grandchildren. Ms. Hoheb was awakened by one of her daughters who had heard a noise outside the house. When Ms. Hoheb got up to investigate, she heard a noise at the back of the house. She returned to her bedroom and called the police. The police arrived almost immediately and apprehended Moolenaar, whose clothing matched the description given by Ms. Hoheb. At the time of arrest, Ms. Hoheb's house keys were found in the pocket of appellant's jacket. Aside from the keys, nothing else was discovered missing by Ms. Hoheb and her family.

Appellant claimed that he entered Ms. Hoheb's home seeking refuge from two gang members who had accosted him and a friend, who fled in a different direction. Moolenaar contended that when he ran into the Hoheb house, he had no intent to commit a crime in the house, but was only trying to hide from the two men.

A one count information was filed on March 2, 1994 charging Roy Moolenaar with the crime of burglary in the second degree in violation of V.I. CODE ANN. tit. 14, § 443. On March 3, 1994, appellant pled not guilty, and the matter proceeded to trial on January 17, 1995. The next day the jury returned a verdict of guilty as charged. Before sentencing, the Government filed an information of previous conviction seeking to have Moolenaar sentenced as a habitual offender under 14 V.I.C. § 61. Appellant was sentenced to fifteen (15) years in jail, with the first ten (10) years to be served without benefit of parole or other form of release.[1] Appellant timely filed a Notice of Appeal on May 8, 1995.

---

[1] Sentence was imposed on April 26, 1995 and the Judgment was signed on May 4, 1995. The court also assessed twenty-five dollars ($25.00) in court costs.

## JURISDICTION AND STANDARD OF REVIEW

■ This Court has appellate jurisdiction under 4 V.I.C. § 33. The standard of review to be applied depends upon whether the issues being appealed were preserved at trial. If no objection was made at the trial level, then the matter is reviewed for plain error. FED. R. CRIM. P. 52(b).[2] Since Moolenaar attempts to raise here issues he did not first bring to the trial court's attention, it appears that a plain error analysis is in order. Reversal is used sparingly to correct what would otherwise result in manifest injustice. *Cheatham v. Government of the Virgin Islands*, 30 V.I. 296, 300 (D.V.I. APP. 1994).

Rule 52(b) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." While the plain error doctrine "tempers the blow of a rigid application of the contemporaneous objection requirement," it only allows us to correct "'particularly egregious errors . . . [that] seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Young*, 470 U.S. 1, 15, 84 L. Ed. 2d 1, 105 S. Ct. 1038 (1985). We are cautioned to use the plain-error exception to the contemporaneous-objection rule "sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Frady*, 456 U.S. 152, 163 & n.14, 71 L. Ed. 2d 816, 102 S. Ct. 1584 (1982). Thus, "any unwarranted extension of this exacting definition of plain error would skew the Rule's 'careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly redressed.'" *Young*, 470 U.S. at 15.

## DISCUSSION

We find the first issue argued by appellant to be pivotal, namely, that the information failed to properly apprise him of the charges

---

[2] The Federal Rules of Criminal Procedure apply to criminal proceedings in the Territorial Court, absent an express rule or provision in the law or the rules to the contrary. "The practice and procedure of the Territorial Court shall be governed by the Rules of the Territorial Court and, to the extent not inconsistent therewith, by the . . . Federal Rules of Criminal Procedure." TERR. CT. R. 7. There is nothing in the Rules of the Territorial Court that is inconsistent with FED. R. CRIM. P. 52(b).

against him.[3] The provision of the Constitution implicated by the appellant's argument is that of the Sixth Amendment providing that "in all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation [against him]."[4] Appellant avers that the language in the information did not sufficiently inform him of the charges he was required to defend against. The Government counters that: (1) the allegation that appellant intended to commit the "crime of theft" was sufficient to inform him that he was charged with intending to unlawfully take the property belonging to another person, and so fairly informed appellant of the charges against him, and (2) even if the information was technically flawed, Moolenaar has not shown the prejudice or miscarriage of justice necessary to justify reversal.

Burglary is pertinently defined in 14 V.I.C. § 443 as:

> Whoever, with intent to commit some offense therein breaks and enters the dwelling house, building, or structure of another in which there is a human being, under circumstances not amounting to burglary in the first degree, is guilty of burglary in the second degree . . . .

The information, on the other hand, contains the following charging language:

> On or about February 18, 1994, in St. Thomas, U.S. Virgin Islands, Roy Moolenaar, no known address, St. Thomas, Virgin Islands, did with the intent to commit the *crime of theft* therein, break and enter a dwelling house, to wit Ross-Taarneberg # 27, in which there was present a human being, to wit Altagracia Hoheb, in violation of 14 V.I.C. 443.

Information at 1 (emphasis added).

---

[3] Since we find this to be the determinative issue, we do not reach appellant's other contentions: (1) that the trial court committed plain error by failing to define the crime of theft or larceny and by failing to instruct the jury that larceny and the crime of theft were synonymous; and (2) that he is entitled to a new trial because of the court's failure to properly instruct the jury on the definition of theft or larceny.

[4] The Sixth Amendment is made applicable to the Virgin Islands by Section 3 of the Revised Organic Act of 1954. The Revised Organic Act of 1954 § 3, 48 U.S.C. § 1561 (1995 & 1996 Supp.), reprinted in V.I. CODE ANN., Historical Documents, 86-88 (1995) ["Revised Organic Act"].

■ When the sufficiency of an information is challenged, a court must make two findings:

> First, whether the . . . information "contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet," and, secondly, "in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

*Russell v. United States*, 369 U.S. 749, 763-64, 8 L. Ed. 2d 240, 82 S. Ct. 1038 (1962). The one count information in this case fails under both of these tests.

■ The information charges Moolenaar with breaking and entering a dwelling house with "the intent to commit the *crime of theft* therein . . . ." Information at 1 (emphasis added). Since there simply is no such crime of "theft" defined in the Virgin Islands Code,[5] the information fails to satisfy the inquiry of Russell. It does not state the crime of burglary because it does not recite an essential element of that crime, namely, the offense appellant intended to commit once he got inside.[6] It goes without saying that a charge which fails to state a crime is insufficient to apprise a defendant of what he must be prepared to meet. We reject the Government's argument that since the two words "theft" and "larceny" are synonymous,[7] and larceny is a crime defined in 14 V.I.C. § 1081, the use of the word "theft" in the information was

---

[5] Although the word "theft" is mentioned in various sections of the Virgin Islands Code, *see, e.g.*, 3 V.I.C. § 841 (Bonds of Public Officers); 11A V.I.C. §§ 2-403, 3-305-06, 3-405, 3-407, 3-603, 3-804, 7-502 and 8-405 (Uniform Commercial Code); 12A V.I.C. §§ 182-83 (Consumer Code: Motor Vehicle Trade Practices); 17 V.I.C. § 74 (Education: Liability Insurance); 22 V.I.C. §§ 457-58 & 1417 (Insurance); 23 V.I.C. § 1301(g) (Internal Security and Public Order: Definitions); 14 V.I.C. §§ 1385 (Vehicle Auto Theft), 1749 (Unauthorized Presence on School Premises), 2102 (Search for Stolen Property; Inference of Knowledge of Theft); 3003 (Theft: Obtaining Credit Card Through Fraudulent Means), there is no crime defined simply as 'theft'.

[6] *Accord Government v. Pemberton*, 813 F.2d 626, 632 (3d Cir. 1987); *see United States v. Thomas*, 144 U.S. App. D.C. 44, 444 F.2d 919, 920-24 (D.C. Cir. 1971).

[7] Many jurisdictions have addressed the issue of whether theft and larceny are synonymous terms, with no consensus of opinion. *See Crowe Motor Policies at Lloyds v. Gabriel Ignetti*, 1990 V.I. LEXIS 15, Civ. No. 365/1988 (Terr. Ct. STX Aug. 21, 1990). *Synonymous: See, e.g., Matter of Carroll*, 3 *Dept.*, 597 N.Y.S.2d 752, 753, 193 A.D.2d 881; *Rudolph v. Home Indem.*

sufficient to apprise appellant of the charges against him. Whether the word "theft" might have alerted Moolenaar of the gist of what he was facing is irrelevant because the single count information did not charge a crime. "Theft" may be included in the concept of larceny, but "theft" is not a separate crime in and of itself.[8]

The information also fails Russell's second requirement. Although the charges clearly delineate the time and place of the alleged burglary and include the necessary recitation of a person being in the dwelling at the time of the breaking and entering, it does not tell a person what crime he is alleged to have intended to commit once he got inside. Accordingly, this description of the charges against him will not serve to protect Moolenaar 'from again being put in jeopardy for the same offense." *Russell*, 369 U.S. at 765.

## CONCLUSION

■ In conclusion, we recognize that the plain error doctrine is sparingly applied to correct what would otherwise be a miscarriage of justice. Such is the case before us. The failure of an information to charge a defendant with a crime is surely an error which "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[9] An order remanding this case is attached.

DATED this 25th day of November 1996.

---

*Co., L.*, 350 A.2d 285, 289, 138 N.J. Super. 125; *Penn-Air, Inc. v. Indemnity Ins. Co. Of North America*, 269 A.2d 19, 22, 439 Pa. 511; *Stull v. State*, 196 S.E.2d 7, 9, 230 Ga. 99. *Not Synonymous: See, e.g., World Inv. Co. v. Manchester Ins. & Indem. Co., Mo. App.*, 380 S.W.2d 487, 490; *Munchick v. Fidelity & Cas. Co. of New York*, 209 N.E.2d 167, 170, 2 Ohio St. 2d 303; *Edwards v. State Farm Mut. Auto. Ins. Co.*, 296 N.W.2d 804 (1980); *Meissner v. Aetna Casualty & Sur. Co.*, 195 N.J. Super. 462, 480 A.2d 233 (1984). *See, generally*, 67 ALR 4th Automobile Theft Insurance §§ 3-6 (1989).

[8] "Theft" has also been characterized and defined as:

A popular name for larceny . . . . It is also said that theft . . . includes swindling and embezzlement and that generally, one who obtains possession of property by lawful means and thereafter appropriates the property to the taker's own use is guilty of a "theft".

BLACK'S LAW DICTIONARY 1477 (6th ed. 1990) (citations omitted). It is thus clear from these definitions and the references from the Virgin Islands Code that "theft" is a more expansive term than "larceny".

[9] *See U.S. v. Young*, 470 U.S. 1, 15, 84 L. Ed. 2d 1, 105 S. Ct. 1038 (1985).

**ORDER OF THE COURT**

AND NOW, this 25 day of November 1996, having considered the arguments and submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED AND ADJUDGED that Appellant's conviction is REVERSED AND REMANDED.