**UNITED STATES of America, Plaintiff,**

v.

**Anthony BLYDEN, a/k/a Michael Caines, a/k/a Tony Blacks, and Allen Van Putten, a/k/a Takou, Defendants.**

Crim. No. 1989/119.

United States District Court,
D. Virgin Islands,
St. Thomas and St. John Division.

March 5, 1990.

Mark H. Bonner, Asst. U.S. Atty., St. Thomas, V.I., for plaintiff.

Leonard B. Francis, St. Thomas, V.I., for defendant Blyden.

James L. Hymes, III, St. Thomas, V.I., for defendant Van Putten.

## OPINION

BROTMAN, Acting Chief Judge,
District Court of the Virgin Islands,
Sitting by Designation.

Presently before the court is (A) defendant Anthony Blyden's and Allen Van Putten's motion to dismiss the information on grounds of double jeopardy, (B) defendant Blyden's motion for reconsideration of pretrial detention, (C) defendant Van Putten's motion requesting a date certain for trial, and (D) defendant Van Putten's motion to dismiss the superseding information. In this opinion, the court resolves only the double jeopardy challenge.

## I. FACTS AND PROCEDURE

On May 31, 1989, Criminal Information Number 89–89 was filed charging defendants with violations of the Virgin Islands Criminal Code as follows:

Count One: attempted murder in violation of V.I. Code Ann. tit. 14, § 922(a)(1), § 331, and § 11.

Count Two: attempted murder in violation of V.I. Code Ann. tit. 14, § 922(a)(1), § 331, and § 11.

Count Three: assault with intent to commit murder in violation of V.I. Code Ann. tit. 14, § 295(1) and § 11.

Count Four: assault with intent to commit murder in violation of V.I. Code Ann. tit. 14, § 295(1) and § 11.

Count Five: unlawful possession of .45 Colt automatics and a 9 mm S & W automatic during the commission of a crime of violence in violation of V.I. Code Ann. tit. 14, § 2253(a), and § 11.

Count Six: possession of a machine gun and silencer during a crime of violence in violation of V.I. Code Ann. tit. 14, § 2253(b) and § 11.

The remaining four counts, not relevant here, charged defendant Van Putten with varying degrees of assault and weapons offenses.

At the request of the defendants, the trial court instructed the Assistant United States Attorney that if the government was going to file additional charges against these defendants under federal law, they must be filed by August 4, 1989. The government was also informed if such charges are filed, to advise the court at that time if the offenses were to be tried together.

On August 4, 1989 the United States filed Criminal Information Number 89–119 (U.S.Code violations) charging defendants with federal offenses including the transportation of firearms and ammunition in commerce by persons convicted of felonies and by persons who are fugitives from justice in violation of Title 18, United States Code, Section 922(g)(1), Section 922(n), Section 922(o)(1), and Section 2. The information further charged defendants with carrying a firearm during and in relation to a crime of violence in violation of Title 18, United States Code, Section 924(c).

Criminal Information Number 89–89 (V.I. Code violations) was not consolidated with Criminal Information Number 89–119 (U.S. Code violations). The United States Attorney had expected these two informations to be tried together and was prepared to proceed accordingly on the date of the trial. *See* Transcript of Hearing, November 7, 1989, at 4.

On November 7, 1989, the date of the trial, defendants moved to have the government elect which information would be tried, and to dismiss voluntarily the remaining information. The trial court ordered that the trial on Criminal Information Number 89–89 (V.I. Code violations) go forward, over the objection of the government which wanted to try both informations simultaneously. *See* Transcript of Hearing November 7, 1989, at 17, 19. *See also* Government's Response to Motion to Dismiss Successive Prosecution, Or, In The Alternative, For Election (filed, with captions for Crim. No. 89–89 and 89–119, on November 2, 1989).

On November 10, 1989, a jury found defendants not guilty of counts one through six of Criminal Information Number 89–89 (V.I.Code violations). Defendants have now filed the instant motions to dismiss Criminal Information Number 89–119 (U.S. Code violations) asserting that the government is collaterally estopped from attempting to prove they illegally possessed firearms in violation of federal law.

On February 28, 1990, the court held a hearing on the double jeopardy motions, at which time the parties made the following arguments:

Defendants argue that the ultimate issue determined by the jury was whether they possessed the guns in question. They assert that their defense was that they had been kidnapped by the alleged victims, and that the guns in fact were in the possession of the victims rather than the defendants. The acquittal, defendants argue, shows that the jury accepted the defense version of the events of the night in question.

The government counters that defendants waived any double jeopardy claims when they sought the severance. In addition the offenses charged in Criminal Information Number 89–119 (U.S.Code violations) are not the same as those tried in Criminal Information Number 89–89 (V.I. Code violations), for which defendants were acquitted, for purposes of the double jeopardy clause of Section Three of the Revised Organic Act of 1954 and of the fifth amendment.[1]

## II. DISCUSSION

At issue in this case is the contrasting view the parties take of the extent of judicial inquiry required to resolve a double jeopardy issue. Defendants claim that the court must evaluate the evidence at the prior proceeding to determine why the jury acquitted defendants; they claim that the acquittal can only be understood as a finding that defendants did not possess the guns, which precludes trial on the federal charges requiring proof of possession.

The government, by contrast, seeks to limit the extent of the evaluation to the statutory elements of the federal and Virgin Islands offenses. Both parties are correct, but only in part.

### A. Waiver

■ In *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (plurality) the Supreme Court held that a defendant who opposes consolidation of a criminal case waives any double jeopardy claims as to the subsequent prosecution in the case which he successfully sought to have tried separately. *Id.* at 152, 97 S.Ct. at 2216–17.

■ In the instant case, defendants successfully sought to have the trials severed; this precludes defendants from raising any double jeopardy claims. Defendant's motion to have the government elect which information would be the one on which the trial would proceed precipitated the trial court's "severance." The government opposed separate trials, and contended in its brief of November 2, 1989 that the proper procedure was for trial on both informations and a general sentence in the event of a conviction for both the federal and Virgin Islands offenses. This position is a correct statement of the procedure for prosecutions on federal and local charges in the Virgin Islands. *Government of the Virgin Islands v. Brathwaite*, 782 F.2d 399, 406–08 (3d Cir.1986). Although defendants assert that their argument for election and dismissal was raised at an earlier stage in the proceedings than it had been in *Brathwaite*, and therefore the relief they sought was not foreclosed by *Brathwaite*, the trial court in the earlier prosecution was not convinced of this, nor is this court. The trial court, nonetheless, by letter dated November 21, 1989, granted in part the relief requested by defendants ruling that "the Information in Criminal Action No. 89–119, which was severed from Criminal Action No. 89–89 *on defendants' motion,* will be assigned by the Clerk to the next available visiting judge in St. Thomas for trial. (emphasis added)."

---

**1.** The double jeopardy clause of the Revised Organic Act is coextensive with that of the fifth amendment. *In re Brown,* 439 F.2d 47, 50–51 (3d Cir.1971).

Although the two criminal informations were not consolidated,[2] the facts here do not seriously implicate double jeopardy concerns. The court is unable to discern any basis for finding that the government is making "repeated attempts to convict an individual thereby exposing him to continued embarrassment, anxiety and expense, while increasing the risk of an erroneous conviction or an impermissibly enhanced sentence." *Ohio v. Johnson,* 467 U.S. 493, 498–99, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984). There is simply no evidence that suggests the government divided the prosecutions in order to obtain a "dry run." The court concludes that defendants caused the severance, and in so doing, they waived their double jeopardy claims.

### B. Double Jeopardy

Even if the court were to address the merits of defendants' double jeopardy challenge, the same result is reached.

While dual sovereigns may bring separate prosecutions for the same crimes, *Heath v. Alabama,* 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985), the federal government and a Territory, such as the Virgin Islands, may not. *Government of the Virgin Islands v. Dowling,* 633 F.2d 660, 669 (3d Cir.1980) (citing *United States v. Wheeler,* 435 U.S. 313, 316–17, 98 S.Ct. 1079, 1082–83, 55 L.Ed.2d 303 (1978)).

The Supreme Court explained the purpose of the double jeopardy clause in *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), as follows:

> The constitutional prohibition of double jeopardy has been held to consist of three separate guarantees: (1) It protects against a second prosecution for the same offense after acquittal. [ (2) I]t protects against a second prosecution for the same offense after conviction. [ (3) ] And it protects against multiple punishment for the same offense."

*Id.* at 415, 100 S.Ct. at 2264 (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). Because defendants characterize this prosecution as a second prosecution for the same offense for which they were acquitted, the court must evaluate whether the federal and Virgin Islands offenses are identical.

### 1. *Same Offenses:*

The test for determining if offenses are the same for double jeopardy purposes is whether each crime requires proof of an additional fact that the other does not. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *United States v. Grayson,* 795 F.2d 278, 282 (3d Cir.1986) (quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)), *cert. denied sub nomine Robinson v. United States,* 479 U.S. 1054, 107 S.Ct. 927, 93 L.Ed.2d 978 (1987). In determining if offenses are the same, the court looks to the offenses in the abstract rather than to the facts of the particular case. *Brathwaite,* 782 F.2d at 407 n. 8 (3d Cir.1986) (citing *Government of the Virgin Islands v. Joseph,* 765 F.2d 394, 396 (3d Cir.1985)). *Accord Thigpen v. Roberts,* 468 U.S. 27, 35–39, 104 S.Ct. 2916, 2921–23, 82 L.Ed.2d 23 (1984) (Rehnquist, J., dissenting); *see id.* at 40, 104 S.Ct. at 2923–24 (O'Connor, J., with whom Powell, J., joins, dissenting). In the instant case, each of the federal and local offenses charged requires proof of additional facts not required by the other.

The first four counts charged under the Virgin Islands criminal code require proof of intent to commit murder. The federal offenses have no such requirement. The double jeopardy motion centers, however, on the Fifth Count in Criminal Information Number 89–89 which states that defendants,

> without being otherwise authorized by law, did possess, transport, and carry an unlicensed firearm [two particular .45 Colt automatics and a 9mm S & W automatic] during the commission of crimes of violence, to wit: Attempted Murder, Assault First Degree, and Assault Third

2. It is standard practice in the District of the Virgin Islands for informations, which have offenses that could otherwise be joined, to be tried together. In any event, defendants have not shown any prejudice resulting from joinder.

Degree, in violation of Title 14, Virgin Islands Code, Section 2253(a) and 11.[3] Count Six of Criminal Information Number 89-89 is similar except for the weapon involved and the subsection of the statutory provisions violated.

The federal information charges defendants with violations of 18 U.S.C. § 922(g)(1) (possession of a firearm by a felon) (Count One), 18 U.S.C. § 922(g)(2) (possession of a firearm by a fugitive from justice) (Count Two), 18 U.S.C. § 922(n) (possession of firearm by person indicted for felony) (Count Three), 18 U.S.C. § 922(*o*)(1) (possession of a machine gun) (Count Four), and 18 U.S.C. § 924(c) (possession of firearm during and in relation to crime of violence) (Count Five). Each of these charges requires proof of an additional fact not required for a conviction on the Virgin Islands offenses. To sustain a conviction, the government must prove: with respect to Count One, that the defendant was a felon; with respect to Count Two, that the defendant was a fugitive from justice; and with respect to Count Three, that the defendant had been indicted for a felony.

As to the fourth and fifth counts of the federal information, the government argues that the prior acquittal does not preclude it from seeking a conviction. The government first asserts that the Virgin Islands charge, Count Five of Information 89-89, for carrying a firearm during a crime of violence, is not coextensive with 18 U.S.C. § 924(c), which proscribes the carrying of a firearm during and in relation to a crime of violence. The Virgin Islands Code·defines the term "crime of violence" to mean the "crime of, or the attempt to commit, murder in any degree, voluntary manslaughter, rape, arson, mayhem, kidnapping, assault in the first degree, assault in the second degree, assault in the third degree, robbery, burglary, unlawful entry or larceny." V.I.Code Ann. tit. 23, § 451(e) (Supp.1989). By contrast, the term "crime of violence" under the federal statute is defined to mean:

any crime punishable by imprisonment for a term exceeding one year, or any act

of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Further, under the law of the Virgin Islands, V.I.Code Ann. tit. 14, § 2253(a) and V.I.Code Ann. tit. 23, § 451(d), the firearm must be operable. *Government of the Virgin Islands v. Albert*, 18 V.I. 21, 24 (D.V.I.1980) *aff'd* 676 F.2d 685 (3d Cir.1982). There is no such requirement under the federal statutes. Likewise, a "machine gun" within the meaning of 18 U.S.C. § 922(*o*)(1) is not a "machine gun" within the meaning of V.I. Code Ann. tit. 14, § 2253(d)(2) and V.I.Code Ann. tit. 23, § 451(d). Finally, the Virgin Islands statute requires proof that the firearm was carried illegally, while the federal statute does not. *Dowling*, 633 F.2d at 670, *cert. denied*, 449 U.S. 960, 101 S.Ct. 374, 66 L.Ed.2d 228 (1980). Clearly, the federal and local statutes are not the same for purposes of double jeopardy.

### 2. *Collateral Estoppel:*

■ Defendants finally argue that the ultimate fact determined in the prior acquittal was that defendants did not possess the guns at issue, and that the government is collaterally estopped from attempting to prove that fact in this prosecution.

The Supreme Court explained in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), that, in determining whether a prior acquittal based on a general verdict forecloses certain issues, a court must " 'examine the record of [the] prior proceedings, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict on an

**3.** 14 V.I.C. 11 is aiding and abetting.

issue other than that which the defendant seeks to foreclose from consideration.'" *Id.* at 444, 90 S.Ct. at 1194 (citation omitted). *Accord Dowling v. United States,* — U.S. —, 110 S.Ct. 668, 673, 107 L.Ed.2d 708 (1990). Commentators have recognized the inherent difficulty in such an inquiry, 2 W. LaFave & J. Israel Criminal Procedure § 17.4 at 382 (1984). *Cf. Dowling,* — U.S. at —, 110 S.Ct. at 674 (not addressing this issue).

The defense at the prior trial was that the "victims" of the attempted murder had in fact kidnapped the defendants, taken them to their house, and that the defendants were the real victims. The jury found the defendants not guilty of two counts of attempted murder, two counts of assault with intent to commit murder, and counts five and six which charged possession of certain firearms during the commission of a crime of violence. Defendants bear the burden of showing that the acquittal determined that they did not possess the weapons. *See Dowling,* — U.S. at —, 110 S.Ct. at 673. Defendants have not carried this burden.

As in *Dowling,* there is an alternate explanation for the jury's acquittal verdict in the instant case. For instance, the jury could have found that the defendants possessed the weapons, but not during a crime of violence. Accordingly, the prior acquittal does not foreclose the prosecution of Criminal Information 89–119 (U.S.Code violations).

## III. CONCLUSION

For the foregoing reasons, the court finds that defendants waived their double jeopardy claims, that the federal and local offenses are not the same for purposes of double jeopardy, and that the prior acquittal does not preclude prosecution of defendants under Criminal Information Number 89–119 (U.S.Code violations). Defendants' motions to dismiss the information are denied.

An appropriate order will be entered.