**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**AURIEL DEVON FRETT, Defendant**

Case No. ST-08-CR-452

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

July 12, 2011

294.

RENÉE GUMBS CARTY, ESQ., Assistant Attorney General, Department of Justice, St. Thomas, USVI, *Attorney for Plaintiff.*

MICHAEL JOSEPH, ESQ., Christiansted, St. Croix, USVI, *Attorney for Defendant.*

WILLOCKS, *Judge*

## MEMORANDUM OPINION

(July 12, 2011)

**THIS MATTER** came before the Court on Defendant's Motion for Relief Under Rules 29 and 33, filed on March 22, 2011. On April 19, 2011, the People filed an Opposition to Defendant's Motion for Relief Under Rules 29 and 33. Defendant filed a Reply to the People's Opposition on May 5, 2011.

## FACTS

On or about October 26, 2008, Auriel Devon Frett (hereinafter, "Frett" or "Defendant") and then minor, John Southwell (hereinafter,

"Southwell"), were catching a ride in the area of Cassel Hill, St. Thomas. Gabriel Lerner (hereinafter, "Lerner"), who was operating a maroon vehicle stopped and gave them a ride. Lerner told Frett and Southwell that he was going to Lindquist Beach to a "bible thing". Frett and Southwell responded by saying they were going towards Red Hook. On their way to Red Hook, near Sapphire Beach Hotel, Frett told Lerner he wanted to "pee". Lerner stopped the car and Frett exited the vehicle to urinate. As Frett returned to the vehicle, Frett asked Lerner if he ever been robbed. Lerner said "no", and asked Frett if he was going to rob him now. Lerner was then placed in the back seat of his vehicle and they drove from Sapphire Beach Hotel to Friendly Grocery in Charlotte Amalie. While at Friendly Grocery, Frett and Southwell went into the grocery store, leaving Lerner alone in the car for about 4-5 minutes. While in the grocery store, Frett and Southwell used Lerner's credit card to purchase some items. Frett and Southwell then left the grocery store and drove to a private driveway in the vicinity of Hull Bay. They stopped the vehicle in the driveway and placed Lerner in the trunk. They then drove to an isolated area pass the Bluewater Bible College. They drove down a small dirt road and stopped at a footpath. They took Lerner out of the vehicle and proceeded down the footpath. While travelling down the footpath, Lerner turned to Frett and asked him if he was going to kill him now. Frett told Lerner to turn around and they proceeded further down the path. As they proceeded down the path, Frett shot Lerner in the back of the head. Frett and Southwell fled the area.

They returned to Friendly Grocery and used Lerner's credit card to purchase more items. They then proceeded to Western Auto where they purchased tint using Lerner's credit card. After Western Auto, they went to the back of the Medical Arts Complex and tinted the windows of Lerner's vehicle. They continued to use Lerner's vehicle at their leisure. An APB was sent out for Lerner and his vehicle after he did not report to work. On October 28, 2008, a police officer in a marked vehicle recognized the vehicle and a high speed chase ensued. Frett and Southwell stopped the vehicle and fled into the bushes. Both were later apprehended.

At the police station, Southwell, accompanied by his mother, gave a statement implicating him and Frett in the kidnapping and murder of Lerner. However, Southwell claimed that Frett did the shooting. Frett made an initial statement and then stopped. He later gave another

statement (hereinafter, the "Second Statement") after being told that Southwell had given a statement implicating him as the shooter.[1] Southwell and Frett were arrested and charged with the kidnapping and killing of Lerner.

On September 20, 2010, Southwell pled guilty to: the lesser-included-crime of Count I of the Information, in violation of Title 14 V.I.C. § 922(b) and Count V of the Information, in violation of Title 14 V.I.C. § 295(3). In exchange of the plea, Southwell agreed to, *inter alia*, testify against Frett. On February 28, 2011, a jury trial was convened against Frett.[2] Pursuant to the plea agreement Southwell testified against Frett. On March 2, 2011, during the People's case-in-chief, the Court heard Defendant's Rule 29 Motion on the gun charges, to wit: Counts Two, Four and Six of the Amended Information and Motion to Dismiss Counts One, Three, Five and Seven of the Amended Information. The Court denied Defendant's first Rule 29 Motion and Motion to Dismiss. On March 3, 2011, Defendant moved for a second Rule 29 Motion, requesting the Court to dismiss all the charges in the Amended Information. The Court denied Defendant's Rule 29 Motion in regards to Counts One, Three, Five and Seven and took the motion under advisement in regards to Counts Two, Four and Six. Subsequently, before the Court gave the final instructions to the Jury, the Court dismissed Count Seven of the Amended Information. On March 4, 2011, the jury came back with a verdict, finding Defendant guilty on all the remaining Counts of the Amended Information.

---

[1] On February 18, 2011, the Court entered a Memorandum Opinion and Order suppressing Defendant's Second Statement given in response to Detective Mario Stout's unsolicited statements regarding Southwell's implication of Frett as the shooter. However, the Court also noted in said Memorandum Opinion that if Defendant takes the stand, the statement may be used for impeachment pursuant to the Federal Rules of Evidence.

[2] The People charged Defendant with the following counts in the Amended Information:

Count One: **Murder in the First Degree**, in violation of Title 14 V.I.C. § 922(a)(1).
Count Two: **Unauthorized Use of a Firearm During the Commission of Crime of Violence**, in violation of Title 14 V.I.C. § 2253(a).
Count Three: **Assault in the First Degree**, in violation of Title 14 V.I.C. § 295(3).
Count Four: **Unauthorized Use of a Firearm During the Commission of Crime of Violence**, in violation of Title 14 V.I.C. § 2253(a).
Count Five: **Kidnapping for Robbery**, in violation of Title 14 V.I.C. § 1052(a).
Count Six: **Unauthorized Use of a Firearm During the Commission of Crime of Violence**, in violation of Title 14 V.I.C. § 2253(a).

## DISCUSSION

### Motion for Judgment of Acquittal[3]

In reviewing a defendant's motion for judgment of acquittal for insufficiency of the evidence under FED. R. CRIM. P. 29, a court "must

---

[3] **Federal Rules of Criminal Procedure**

**Rule 29. Motion for a Judgment of Acquittal**

(a) Before Submission to the Jury.

After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

(b) Reserving Decision.

The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

(c) After Jury Verdict or Discharge.

(1) Time for a Motion.

A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.

(2) Ruling on the Motion.

If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.

(3) No Prior Motion Required.

A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

(d) Conditional Ruling on a Motion for a New Trial.

(1) Motion for a New Trial.

If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. The court must specify the reasons for that determination.

(2) Finality.

The court's order conditionally granting a motion for a new trial does not affect the finality of the judgment of acquittal.

(3) Appeal.

(A) Grant of a Motion for a New Trial.

298

view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences." *U.S. v. Bazar*, 2002 U.S. Dist. LEXIS 19719, at *5 (D.V.I. 2002). "A verdict will be overruled only if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilty beyond a reasonable doubt." *Id.* In *United States v. Allard*, the Third Circuit stated that the court must determine "whether all the pieces of evidence against the defendant, taken together, make a strong enough case to let the jury find him guilty beyond a reasonable doubt." 240 F.2d 840, 841 (3d Cir. 1957), *cert. denied*, 353 U.S. 939, 77 S. Ct. 814, 1 L. Ed. 2d 761 (1957). The Third Circuit also stated in *United States v. Samuels*, that the People must prove every element of the offense beyond a reasonable doubt for the reviewing court to deny a motion for judgment of acquittal. 741 F.2d 570, 572 (3d Cir. 1984).

In his Motion for Relief Under Rules 29 and 33, Defendant moved for an order dismissing those counts involving unauthorized use of a firearm during a crime of violence, to wit: Counts Two, Four and Six of the Amended Information. Defendant noted in his Motion that the Court had reserved ruling on this issue when Defendant made his second Rule 29 Motion during trial. The People did not address Defendant's requests to dismiss Counts Two, Four and Six of the Amended Information in the People's Response. This was also pointed out by Defendant in his Reply to the People's Response.

█ The United States Supreme Court made it clear that due process requires the prosecution in a criminal case to prove beyond a reasonable doubt every fact necessary to establish the offense as charged against an accused. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Counts Two, Four and Six of the Amended Information charged Defendant with Unauthorized Use of a Firearm During the

---

If the court conditionally grants a motion for a new trial and an appellate court later reverses the judgment of acquittal, the trial court must proceed with the new trial unless the appellate court orders otherwise.

(B) Denial of a Motion for a New Trial.

If the court conditionally denies a motion for a new trial, an appellee may assert that the denial was erroneous. If the appellate court later reverses the judgment of acquittal, the trial court must proceed as the appellate court directs.

Commission of a Crime of Violence. Under Title 23 V.I.C. § 451(d), firearm is defined as "any device by whatever name known, capable of discharging ammunition by means of gas generated from an explosive composition, including any air gas or spring gun or any BB pistols or BB guns that have been adapted or modified to discharge projectiles as a firearm." A conviction under Title 14 V.I.C. §2253(a) "requires proof that a defendant possessed a firearm and that such possession was without authority of law." *U.S. v. Blake*, 2009 U.S. Dist. LEXIS 38059, at *10 (D.V.I. 2009) (*citing Hunt v. Government of Virgin Islands*, 46 V.I. 534, 539 (D.V.I. App. Div. 2005). "Under the law of the Virgin Islands . . . the firearm must be operable." *Blake*, 2009 U.S. Dist. LEXIS 38059, at *10 (*citing United States v. Blyden*, 740 F. Supp. 376, 380 (D.V.I. 1990)). In *Blake*, the Government introduced evidence to show that: the defendant had possession of the firearms; the defendant did not have a firearms license; and that the guns had been fired, and therefore, were operable. 2009 U.S. Dist. LEXIS 38059, at *10. In reviewing the defendant's Motion for Judgment of Acquittal in *Blake*, the District Court found that the Government had introduced substantial evidence from which a jury could determine beyond a reasonable doubt that each of the elements of Title 14 V.I.C. §2253(a).

There are cases where the defendant was found guilty of using a firearm in the commission of a violent crime despite the fact that the revolver allegedly used was never recovered and the only evidence presented was testimonial. In *United States v. Beverly*, the Third Circuit affirmed that the robbery victim's sole testimony of the gun was sufficient evidence to convict the defendant of using a firearm in the commission of a violent crime. 99 F.3d 570 (1996). The Third Circuit held that the victim had "ample time to view the weapon" and that the victim's testimony ". . . was sufficient basis for a reasonable jury to find that Beverly utilized a firearm in the commission of a violent crime, in violation of 18 U.S.C. § 924(c)." *Id.* at 573. However, it is important to keep in mind the different requirements under the Virgin Islands statute and the federal statute. While the Virgin Islands statute requires that the firearm must be operable, there is no such requirement under the federal statute. *Blyden*, 740 F. Supp. at 380. Moreover, Title 14 V.I.C. § 2253 further requires proof that the firearm was carried illegally while the federal statute does not. *Id.*

300

■ In this matter, although the parties stipulated to the fact that Defendant was unauthorized to own a firearm, the only evidence the People introduced were that: (1) Defendant had an firearm, (2) Defendant obtained the firearm from the personal residence of a police officer, Officer Jackson, (3) Defendant had an alleged gun on his lap in the car and (4) that some alleged gun made a loud "pow" noise. The People did not provide any nexus between the firearm that Defendant obtained from Officer Jackson's residence, the alleged firearm that he had in his lap in the vehicle, the alleged firearm that was used in the shooting and the slug that was removed from Lerner's head. In addition, there is no evidence that the alleged gun or guns were operable. Although the People's expert pathologist testified that the victim died of a gunshot wound to the head, the nexus between the slug head found in the victim and the alleged gun or guns in Defendant's possession was never established. In other words, the People failed to introduce sufficiently conclusive evidence, such as the operability of the alleged firearm, to enable a reasonable juror to draw the inference that Defendant engaged in unauthorized use of a firearm during the commission of a crime of violence.

■ This causes an inference to be drawn upon an inference upon an inference in which a conclusion was drawn. In *People v. Clarke*, the Supreme Court of the Virgin Islands stated:

> The drawing of one inference upon another to reach this conclusion is entirely too tenuous, and goes beyond reasonable inferences to mere speculation. *See United States v. Silveus*, 542 F.3d 993, 1004, 50 V.I. 1101 (3d Cir. 2008) (holding evidence must rise above mere speculation); *United States v. Pettigrew*, 77 F.3d 1500, 1521 (5th Cir. 1996) ("[A] verdict may not rest on mere suspicion, speculation or conjecture or on an overly attenuated piling of inference on inference."). S. Ct. Crim. No. 2009-0104, p. 10.

Accordingly, the Court does not find substantial evidence, direct or circumstantial, with logical inferences drawn in the light most favorable to the People, from which a reasonable jury could have found that the People proved beyond a reasonable doubt all the elements of Counts Two, Four and Six of the Amended Information. As a result, the Court will grant Defendant's Motion for Judgment of Acquittal as to Counts Two, Four and Six of the Amended Information.

301

## Motion for New Trial[4]

FED. R. CRIM. P. 33 provides that, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." As the District Court stated in *Bazar*.

"[T]he motion for new trial is based upon the weight of the evidence and the court may weigh evidence and consider the credibility of witnesses. The decision whether to grant a new trial is left to the discretion of the trial court. However, such an exercise of discretion is to be used only in exceptional circumstances. The trial judge may not set aside the verdict simply because he came to a different conclusion than the jury." *Citations omitted*. 2002 U.S. Dist. LEXIS 19719, at *6.

Rules Governing the Superior Court, Rule 135 also provides:

### Rule 135. New trial

The court may grant a new trial to a defendant if required in the interest of justice. The court may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before, or within two years after, final judgment. A motion for a new trial based on other grounds shall be made within 10 days after finding of guilty, or within such further time as the court may fix during the 10-day period. In no event shall this rule be construed to limit the right of a defendant to apply to the court for a new trial on the ground of fraud or lack of jurisdiction.

---

[4] **Federal Rules of Criminal Procedure**

**Rule 33. New Trial**

(a) Defendant's Motion.

Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

(b) Time to File.

(1) Newly Discovered Evidence.

Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

(2) Other Grounds.

Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

In his Motion for Relief Under Rules 29 and 33, Defendant asserted that he is entitled to a new trial. The Court will address each of Defendant's argument for a new trial separately below. Overall, the Court finds Defendant's arguments for a new trial under FED. R. CRIM. P. 33 without merits.

## A. Defendant's Second Statement

In his Motion for Relief Under Rules 29 and 33, Defendant moved for a new trial, arguing that "[T]his Court committed harmful error when it failed, as requested, to inform the jury that Defendant's [S]econd [S]tatement had been suppressed for having been taken in contravention of law, or alternatively, omit it from entering the jury room during deliberations where it would continue to testify against him."[5] The People disagreed with Defendant's first argument with regard to Defendant's Second Statement, and argued that a defendant's statements made in response to proper cross-examination are subject to proper impeachment by the people, albeit by evidence that has been illegally obtained and was inadmissible on the people's direct case as substantive evidence of guilt. The Court agrees with the People's response — the Court had previously noted in its February 18, 2011 Memorandum Opinion that Defendant's Second Statement may be used for impeachment if Defendant takes the stand.

In *Sibbach v. Wilson & Co.*, the United States Supreme Court clarified the difference between procedural rights and substantive rights. 312 U.S. 1, 13, 61 S. Ct. 422, 85 L. Ed. 479 (1941) (finding that the rules authorizing court order for physical and mental examination of a party are rules of procedure).

> Under statute authorizing Supreme Court to prescribe civil procedure rules but prohibiting such rules from abridging, enlarging, or modifying substantive rights, rules authorizing court order for physical and mental examination of a party are rules of "procedure", which is the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them, and are not invalid as offending right to freedom from invasion of person in violation of "substantive rights", which

---

[5] *See* Defendant's Motion for Relief Under Rules 29 and 33, p. 1.

embraces rights conferred by law to be protected and enforced in accordance with the adjective law of judicial procedure. *Citations omitted Sibbach*, 312 U.S. at 13-14.

■ The United States Supreme Court further clarified in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, "[I]t is not the substantive or procedural nature of the affected state law that matters, but that of the Federal Rule." 130 S. Ct. 1431, 1435, 176 L. Ed. 2d 311 (2010). Accordingly, the Court finds Defendant's argument assertion that the suppression of a defendant's statement is a substantive right to be unavailing.

■ Furthermore, Title 14 V.I.C. § 19[6] specifically provides the procedure by which prior inconsistent statements of witnesses, oral or written, sworn or unsworn, are not inadmissible under the hearsay rule and may be admitted into evidence for impeachment and/or substantive purposes. Title 14 V.I.C. § 19; *see also People v. Donastorg*, 54 V.I. 22 (2010). During the trial, Defendant made several statements that were inconsistent with his Second Statement (the prior statements he gave to Detective Mario Stout's on October 28, 2008). Defendant was given a chance to explain or deny his Second Statement at trial. Both parties had the opportunity to examine and cross-examine Defendant on the subject matter of his current testimony and his prior statement. The Second Statement was then introduced into evidence. Therefore, pursuant to Title 14 V.I.C. § 19, Defendant's Second Statement is admissible for the "purpose of affecting the credibility of the witness or for proving the truth of the matter asserted therein if it would have been admissible if made by the witness at the hearing or trial."

---

[6] **19. Prior inconsistent statements**

Evidence of a prior statement, oral or written, made by a witness is not made inadmissible by the hearsay rule if the prior statement is inconsistent with his testimony at a hearing or trial. After the witness has been given an opportunity at such hearing or trial to explain or deny the prior statement, the court shall allow either party to prove that the witness has made a prior statement, oral or written, inconsistent with his sworn testimony. Such prior statement shall be admissible for the purpose of affecting the credibility of the witness or for proving the truth of the matter asserted therein if it would have been admissible if made by the witness at the hearing or trial. Each party shall be allowed to cross-examine the witness on the subject matter of his current testimony and the prior statement.

## B. Vouching

■ In his Motion for Relief Under Rules 29 and 33, Defendant also argued that "Defendant did not receive a fair trial because the People tacitly vouched for the credibility of its accomplice witness."[7] The People disagreed with Defendant's second argument with regard to the accomplice witness, and argued that the People never vouched for the credibility of any of its witnesses during trial. Defendant's argument is based on the presence of three prosecutors at trial in this matter. In order to establish improper vouching, "(1) the prosecutor must assure the jury that the testimony of a Government witness is credible; and (2) this assurance is based on either the prosecutor's personal knowledge, or other information not contained in the record." *U.S. v. Upia-Frias*, 422 Fed. Appx. 78, 83 (3d Cir. 2011) (*citing United States v. Walker*, 155 F.3d 180, 187 (3d Cir. 1998)). The Court agrees with the People's response — the Court does not find that the People vouched for his credibility, directly or indirectly.

## C. Court's Modification of Model Jury Instruction

■ In his Reply to the People's Response to Motion for Relief Under Rules 29 and 33, Defendant further pointed out that he was deprived of a fair trial because "the trial court rejected the Third Circuit Model Instructions[8] 'Accomplice Testimony' by striking therefrom wording that

---

[7] *See* Defendant's Motion for Relief Under Rules 29 and 33, p. 2.

[8] The applicable Third Circuit Model Criminal Jury Instructions state as follows:

**4.19 Credibility of Witnesses — Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses**

You have heard evidence that (name of witness) *[Include as many of the following that apply*:

*is an alleged (accomplice)(co-conspirator), someone who says (he)(she) participated in the crime charged; or*

*has made a plea agreement with the government; or*

*has received a promise from the government that (he)(she) will not be prosecuted; or*

*has received a promise from the government that (his) (her) testimony will not be used against (him)(her) in a criminal case; or*

*received a benefit from the government in exchange for testifying.]*

(His)(Her) testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has (describe the witness' situation, e.g., reached a plea bargain with the government, received a benefit

305

such testimony is to be considered and weighed 'with great care and caution.' "[9] The Court finds the final instructions given to the jury in this matter regarding accomplice testimony were sufficiently cautionary.[10] The Third Circuit Model Jury Instruction — Criminal recognizes that every case is different and that modifications of the instructions contained therein may be required. "It must be emphasized, however, that every case is unique, having its particular fact pattern, and care must be exercised when adapting the Model Instructions to the individual case." Introduction, Third Circuit Model Jury Instruction — Criminal, West (2009 Ed.).

In *United States v. Isaac*, the Third Circuit held that it was not reversible error to deny the defendant's request to instruct the jury to

---

from the government) in exchange for (his)(her) testimony, but you should consider the testimony of (name of witness) with great care and caution. In evaluating (name of witness)'s testimony, you should consider this factor along with the others 1 have called to your attention. Whether or not (his)(her) testimony may have been influenced by the (plea agreement)(government's promise)(alleged involvement in the crime charged) is for you to determine. You may give (his)(her) testimony such weight as you think it deserves.

*[You must not consider (name of witness)'s guilty plea as any evidence of (name of defendant)'s guilt. (His)(her) decision to plead guilty was a personal decision about (his)(her) own guilt. Such evidence is offered only to allow you to assess the credibility of the witness; to eliminate any concern that (the defendant) (any of the defendants) has been singled out for prosecution; and to explain how the witness came to possess detailed first-hand knowledge of the events about which (he)(she) testified. You may consider (name of witness)'s guilty plea only for these purposes.]*

[9] *See* Defendant's Reply to the People's Response to Motion for Relief Under Rules 29 and 33, p. 1.

[10] Final Jury Instruction on "Accomplice Testimony" in this matter:

**CREDIBILITY OF WITNESSES-WITNESS WHO HAS PLEADED GUILTY TO SAME OR RELATED OFFENSE, ACCOMPLICES, IMMUNIZED WITNESSES, COOPERATING WITNESSES**

You have heard evidence that John Southwell, an alleged accomplice, who says he participated in the crime charged and received a benefit from the government in exchange for testifying.

His testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has reached a plea bargain with the government and received a benefit from the government in exchange for his testimony. In evaluating John Southwell's testimony, you should consider this factor along with the others I have called to your attention. Whether or not his testimony may have been influenced by the plea agreement is for you to determine. You may give John Southwell's testimony such weight as you think it deserves.

weigh the testimony of two witnesses "with greater care" because they were accomplices and had been immunized, but noted that it "may well be the better practice to give an instruction if requested." 134 F.3d 199, 204-05, 39 V.I. 470 (1998). It should be noted for the record that Southwell was not immunized in this matter. The Third Circuit further commented that "[a]lthough no particular instruction is mandated, warning the jury to consider the testimony of an accomplice with great care and caution before relying on it is appropriate." *Id.* at 204. Whether to give the instruction is entrusted to the discretion of the trial court. *Id.* at 205. As mentioned above, final jury instruction in this matter included a section titled: "Credibility of Witnesses — Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses."

## *CREDIBILITY OF WITNESSES — WITNESS WHO HAS PLEADED GUILTY TO SAME OR RELATED OFFENSE, ACCOMPLICES, IMMUNIZED WITNESSES, COOPERATING WITNESSES*

You have heard evidence that John Southwell, an alleged accomplice, who says he participated in the crime charged and received a benefit from the government in exchange for testifying.

His testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has reached a plea bargain with the government and received a benefit from the government in exchange for his testimony. In evaluating John Southwell's testimony, you should consider this factor along with the others I have called to your attention. Whether or not his testimony may have been influenced by the plea agreement is for you to determine. You may give John Southwell's testimony such weight as you think it deserves.

In addition, the jury was repeatedly advised that they are the judges of all witnesses' credibility. For instance, the Court stated the following, *inter alia*, while reading the final jury instruction:[11]

---

[11] The following is a list of sections regarding credibility of witnesses that were included in the Final Jury Instruction in this matter:
-    **WEIGHT AND CREDIBILITY OF TESTIMONY**

## WEIGHT AND CREDIBILITY OF TESTIMONY

It is for you to determine the weight and degree of credibility to assign to the testimony of each witness. You should use common knowledge and your experience in regard to the matters about which a witness has testified. As the finders of fact, in deciding the weight to give to the testimony of a witness, you may disregard all or any part of it, or accept all or any part of it.

■ Defendant's request would contradict the other instructions that direct the jury to be the sole determining factor as to how much weight to place the credibility of the witnesses' testimony. Furthermore, such instructions as proposed by Defendant would trample upon the providence of the jury in terms of determining the credibility of the witnesses. The credibility of a witness is normally attacked through the use of cross examinations during trial. In this case, Defendant had the opportunity to raise the issue of Southwell's credibility during cross examination and during his closing arguments.

### CONCLUSION

Based on the foregoing analysis, the Court will grant Defendant's Motion for Relief Under Rule 29 as to Counts Two, Four and Six of the Amended Information, but deny Defendant's Motion for Relief Under Rule 33. The Court will issue an order consistent with this Memorandum Opinion.

---

- WEIGHING CREDIBILITY
- CREDIBILITY OF WITNESS — FALSE STATEMENTS
- CREDIBILITY OF WITNESSES — WITNESS WHO HAS PLEADED GUILTY TO SAME OR RELATED OFFENSE, ACCOMPLICES, IMMUNIZED WITNESSES, COOPERATING WITNESSES